# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PERSIS INTERNATIONAL, INC., and EDWARD F. RICHARDS, | Judge Ronald A. Guzman |
| Plaintiffs, | Magistrate Judge Michael T. Mason |
| v. | Civil Action No. 1:09-cv-07451 |
| BURGETT, INC., | |
| Defendant. | |

## PROTECTIVE ORDER GOVERNING THE USE AND DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION

1. "Confidential information" as used in this Order shall include, without limitation, sales data and customer lists. This information must be treated as confidential because it is not publicly available or known outside each party's business and is quite valuable to the respective parties in the relevant industry. "Confidential" information shall be designated as such by the party disclosing such information (the "disclosing party") or by any other party hereto, whether such disclosure is voluntary, through discovery, or otherwise made.

2. As used herein, the term "document" shall include, without limitation, exhibits, documents, electronically stored information and things, answers to interrogatories, responses to requests for admissions, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing, or anything else that would fall within the definition of documents, electronically stored information or tangible things in Rule 34, Federal Rules of Civil Procedure. Any document may be designated by a party with the notation that it is "Confidential" information.

3. All documents produced in this case shall be used solely for purposes of the above captioned litigation and for no other purpose.

4. Documents designated "Confidential" shall be available only to the parties' counsel (including in-house and outside counsel), counsel's paralegals, secretarial and clerical personnel, one designated representative of each party (as disclosed to the other party) and experts and consultants retained by counsel for assistance with respect to this litigation as qualified under Paragraphs 6 and 7 below.

5. Documents designated "Attorneys Eyes Only" shall be available only to the parties' counsel (including in-house and outside counsel).

6. "Confidential" information and documents designated as "Confidential" may be made available to third party experts and consultants and employees of such experts and consultants who are assisting them, under the following procedure:

    a. Before "Confidential" information or documents are disclosed to any expert or consultant (or employees thereof), each recipient shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Exhibit A. A copy of which shall be provided forthwith to counsel for each other party and for the parties.

    b. Should counsel of record notify proposing counsel of its objection to any expert or consultant proposed hereunder, proposing counsel may thereafter move the court for an order permitting such person to receive "Confidential" documents or information; provided, however, that no such information may be disclosed to any person as to whom an objection has been made until the motion is decided by the court.

c.  Each party agrees that it will not directly contact any expert or consultant (or employee thereof) of the adverse party whose identity is revealed under this paragraph, provided, however, that the parties may take discovery of expert witnesses who are designated as testimonial witnesses as permitted by Rule 26(b)(4) of the Federal Rules of Civil Procedure with respect to trial witnesses.

7. Each person receiving "Confidential" documents or information in accordance with Paragraph 4, as a designated representative, or under Paragraph 6, as an expert, must sign an agreement in the form attached hereto as Exhibit A not to disclose or use the information except in accordance with the terms of this Order. All executed agreements shall be made available for inspection and copying upon request by other counsel of record in this litigation proceeding.

8. If, during the course of any deposition, counsel for any of the parties in this litigation asserts that the subject matter is "Confidential," all testimony relating to such subject matter shall be sealed and subject to disclosure only as provided by this Order for documents designated "Confidential" or "Attorneys Eyes Only." Counsel for either party shall have the right to exclude from oral depositions, other than the deponent and the reporter, any person who is not a member of the class set forth in Paragraphs 4 through 7 hereof, but such right of exclusion shall be applicable only during periods of examination or testimony relating to "Confidential" information. Any court reporter transcribing testimony in this action at a deposition shall be instructed appropriately regarding all "Confidential" documents or information.

9. If any "Confidential" or "Attorneys Eyes Only" information or documents are to be filed with or presented to the court, or included in briefs, memoranda or other papers filed

with the court, only the "Confidential" or "Attorneys Eyes Only" portions of such documents shall be filed in a sealed envelope bearing the legend "This envelope, filed in this case by [name of party] contains ["Confidential"] information and is not to be opened or the contents thereof revealed except by prior order of the court." Unsealed versions of such documents with redactions for protected information must be filed in addition to sealed unredacted versions. All oral presentations to the court including or referring to the contents of any such documents shall be held in camera, unless the court orders otherwise.

10. Documents designated "Confidential" or "Attorneys Eyes Only" shall be maintained in the custody of counsel of record for the parties. Partial or complete copies of these documents may be retained by persons entitled to access to such documents under Paragraphs 4 through 7 of this Order to the extent necessary for their study, analysis and preparation of the case. A person with custody of documents designated "Confidential" or "Attorneys Eyes Only" shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

11. Should any document or information be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the party disclosing same shall use its best efforts to bind such person to the terms of this Order; and the party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the party that designated the document as "Confidential" or "Attorneys Eyes Only"; and (c) request such person to sign the agreement in the form attached hereto as Exhibit A and promptly serve the executed agreement upon the party designating the document as "Confidential" or "Attorneys Eyes Only." If the disclosed information or documents have been designated as "Attorneys Eyes Only," in addition to the remedial actions set forth in Paragraphs

14(a)(b) and (c), the party that designated the information or document as "Attorneys Eyes Only" shall be entitled to immediately bring the disclosure to the attention of the Court for further appropriate action.

12. A receiving party shall be under no obligation to object to the designation of any document as "Confidential" or "Attorneys Eyes Only" at the time the designation is made, or at any other time, and a failure to object shall not constitute acquiescence or an agreement to the characterization of a document as confidential.

13. The Protective Order is expressly limited to documents and information obtained in pre-trial discovery.

14. Any party or interested member of the public requesting removal of the "Confidential" or "Attorneys Eyes Only" treatment with respect to any information or document may file and serve a motion for an Order directing that the document or information shall not be treated as "Confidential" or "Attorneys Eyes Only" pursuant to this Order. The movant shall have the burden of proving that such document or information already has become generally known in the trade without any unauthorized disclosure by movant, or has been disclosed to third parties without any obligation to keep the document or information confidential, or has been disclosed by use or sale, or that there is otherwise good cause for removing the designation. If such a motion is made, the parties shall treat the document or information as "Confidential" or "Attorneys Eyes Only," as designated, until the motion is decided by the court.

15. Documents or information designated as "Confidential" or "Attorneys Eyes Only" pursuant to this Order shall be introduced into evidence only under an appropriate order ensuring, to the extent possible, maintenance of the confidential status of such documents or

information unless the "Confidential" or "Attorneys Eyes Only" designations have been removed by agreement or by the court.

16. Upon final disposition of this proceeding, the attorneys for the parties shall return promptly to the party or witness from whom they were obtained all documents, other than attorney work product, which have been designated "Confidential" or "Attorneys Eyes Only" and not received in evidence or contained in papers filed with the Court, and shall also return or destroy all copies made thereof, or notes made therefrom, including all documents, copies, or notes provided by a party to any other person. Upon final disposition of this litigation, counsel will excise from attorney work product materials all information derived from documents designated by the opposing party as "Confidential" or "Attorneys Eyes Only," or will destroy that work product material. Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of materials made part of the record or which have been filed under seal with the court. Such file copies must be maintained under the conditions set out in Paragraphs 4 through 7.

17. Nothing herein shall prohibit a party, or its counsel, from disclosing documents or information designated as "Confidential" or "Attorneys Eyes Only" to representatives, employees or witnesses of the producing party or to a person a document identifies as an author or addressee of such document.

18. In the event any person or party having possession, custody or control of any documents or information designated as "Confidential" or "Attorneys Eyes Only" receives a subpoena or other process or order to produce such documents or information, such person or party shall notify the attorneys of record of the party or person claiming such confidential treatment, shall furnish those attorneys of record with a copy of said subpoena or other process

or order, and shall cooperate with respect to any procedure sought to be pursued by any party whose interests may be affected. The party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

19. The parties hereto reserve all rights to apply to the court at any time, before or after termination, for an Order: (a) modifying this Order; (b) seeking further protection against discovery or other use of "Confidential" information, or documents, transcripts, or other materials reflecting "Confidential" information; or (c) seeking further production, discovery, disclosure or use of claimed "Confidential" information, or documents, transcripts, or other materials reflecting "Confidential" information.

21. The parties contemplate exchanging documents and information that is covered by the attorney-client privilege or constitutes work product. To the extent that any such information is disclosed, the parties acknowledge that the voluntary disclosure of such information does not waive any rights or privileges with respect to other information or documentation that may be covered by the attorney-client privilege or may constitute work product.

SO ORDERED

Dated: 10/05/10

*[signature]*

U.S. District Court Judge Ronald A. Guzman

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he (she) has read the attached Stipulated Protective Order, understands its terms and agrees to be bound by those terms.

Dated: _____

_____
Signature

_____
Type or print name