**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PERSIS INTERNATIONAL, INC., and
EDWARD F. RICHARDS,

                Plaintiffs,

v.

BURGETT, INC.,

                Defendant


BURGETT, INC.,

                Counterclaimant,

v.

EDWARD F. RICHARDS,
PERSIS INTERNATIONAL, INC.,
WRIGHTWOOD ENTERPRISES, INC.,
EVERETT PIANO COMPANY, INC.,
KIMBALL PIANO USA, INC.,
BRIGHTON MUSIC, INC., and
MUSICAL PROPERTIES, INC.


                Counterdefendants.

**Case Number:  09-cv-07451**

**Judge:  Ronald A. Guzman**

**Magistrate Judge:**
     **Michael T. Mason**

1

## ANSWER AND COUNTERCLAIMS

BURGETT, INC. (hereinafter "the Association" or Defendant"), by its attorneys hereby Answers the complaint of PERSIS INTERNATIONAL, INC. and EDWARD F. RICHARDS, an individual (hereinafter "Persis"), and admits, denies and alleges with regard to the corresponding numbered paragraphs of the Second Amended Complaint as follows:

### PARTIES

1.      Defendant admits the allegations of paragraph 1.

2.      Defendant admits the allegations of paragraph 2.

3.      Defendant admits the allegations of paragraph 3.

### JURISDICTION AND VENUE

4.      Admits that if this action had been properly brought, the action and its jurisdiction would be based on the laws cited in numbered paragraph 4 of the Complaint.

5.      Defendant admits the allegations of paragraph 5.

6.      Defendant admits the allegations of paragraph 6.

7.      Defendant admits the last sentence of paragraph 7 and denies the remaining allegations in numbered paragraph 7 of the Complaint.

### RELEVANT FACTUAL BACKGROUND

8.      Defendant admits the allegations of paragraph 8.

9.      Defendant admits that Richards filed the '248 Application on February 15, 2001 which was an Intent-to-Use application that was effectively abandoned August 19, 2002.

10.      Defendant denies the allegations of paragraph 10.

11.       Defendant is without knowledge or information sufficient to form a belief as to

2

the truth that the application was assigned to Persis but denies the balance of paragraph 11 of the complaint.

12.     Defendant denies the allegations of paragraph 12.

13.     Defendant denies the allegations of paragraph 13.

14.     Defendant denies the allegations of paragraph 14.

15.     Defendant admits the allegations of paragraph 15.

16.     Defendant denies knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     Defendant denies the allegations of paragraph 17.

18.     Defendant denies the allegations of paragraph 18.

19.     Defendant admits authorizing destruction of a certain amount of "Sohmer patterns" in 1999 but denies that said patterns were valuable and denies that said patterns were essential in the manufacturing processes used by any potential licensee of the Sohmer trademark.

20.     Defendant admits the allegations of paragraph 20.

21.     Defendant denies the allegations of paragraph 21.

22.     Defendant admits the allegations of paragraph 22.

23.     Defendant admits the allegations of paragraph 23.

24.     Defendant denies the allegations of paragraph 24.

25.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 25 of the complaint regarding an article but deny the balance of paragraph 25 of the complaint.

26.     Defendant admits that Richards contacted Burgett to discuss KNABE in October

3

2000 and that Burgett informed Richards that it had already exclusively contracted with another regarding KNABE but Defendant denies the rest of the allegations in paragraph 26.

27. Defendant admits the allegations of paragraph 27.

28. Defendant admits that it offered Richards all rights in the Sohmer trademark including all goodwill associated therewith but defendant denies that said offer included any tooling for piano manufacturing.

29. Admits the allegations of paragraph 29.

30. Admits the allegations of paragraph 30.

31. Defendant denies that it did not use the SOHMER trademark in commerce since acquiring it and denies that it authorized the destruction of any "valuable" Sohmer patterns but admits that it failed to renew several of its Sohmer trademark registrations.

32. Defendant denies the allegations of paragraph 32.

33. Defendant admits the first sentence of paragraph 33 but denies the second sentence of paragraph 33.

34. Defendant admits the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35. The United States Patent and Trademark Office ("USPTO") record speaks for itself.

36. Defendant denies the allegations of paragraph 36. The USPTO record speaks for itself.

37. Defendant denies the allegations of paragraph 37. The USPTO record speaks for itself.

38. Defendant admits the allegations of paragraph 38 except denies that its Sohmer

4

trademark rights were "non-existent".

39.     Defendant denies the allegations of paragraph 39.

40.     Defendant admits the allegations of paragraph 40.

41.     Defendant denies that Samick began advertising and selling pianos bearing a SOHMER trademark in 2003 because Samick began such January of 2002.

42.     Defendant denies the allegations of paragraph 42.

43.     Defendant admits the allegations of paragraph 38 except denies that these constituted any acts of infringement or any acts of unfair competition.

44.     Defendant denies the allegations of paragraph 44.

45.     Defendant denies the allegations of paragraph 45.

46.     Defendant admits that a cease and desist letter dated January 9, 2004 was received by Burgett but denies that Richards had any reasonable basis to claim any interest in the Sohmer trademark.

47.     Defendant admits the allegations of paragraph 47 and was instructed to submit such from the examiner on the case.

48.     Defendant admits the allegations of paragraph 48.

49.     Defendant denies the allegations of paragraph 49.

50.     Defendant denies the allegations of paragraph 50.

51.     Defendant denies the allegations of paragraph 51.

52.     Defendant denies the allegations of paragraph 52.

53.     Defendant denies the allegations of paragraph 53.

54.     Defendant admits the allegations of paragraph 54, but denies that Richards had

any grounds for filing an Opposition proceeding.

55.     Defendant denies the allegations of paragraph 55.

56.     Defendant admits the allegations of paragraph 56.

57.     Defendant denies the allegations of paragraph 57.

58.     Defendant denies knowledge sufficient knowledge to form a belief as to the truth of the allegations of paragraph 58 and is incapable of determining the intent of the TTAB.

59.     Defendant admits the allegations of paragraph 59.

60.     Defendant admits the allegations of paragraph 60.

61.     Defendant admits the allegations of paragraph 61.

62.     Defendant admits the allegations of paragraph 62.

63.     Defendant denies knowledge sufficient knowledge to form a belief as to the truth of the allegations of paragraph 63.

## COUNT I

64.     Repeats and realleges its response to the allegations in numbered paragraphs 1 through 63 of the Complaint.

65.     Defendant denies each and every allegation contained in paragraph 65.

66.     Defendant denies each and every allegation contained in paragraph 66.

67.     Defendant denies each and every allegation contained in paragraph 67.

68.     Defendant denies each and every allegation contained in paragraph 68.

69.     Defendant denies each and every allegation contained in paragraph 69.

70.     Defendant denies each and every allegation contained in paragraph 70.

71.     Defendant denies each and every allegation contained in paragraph 71.

72.     Defendant denies each and every allegation contained in paragraph 72.

## COUNT II

73.     Repeats and realleges its response to the allegations in numbered paragraphs 1 through 72 of the Complaint.

74.     Defendant denies each and every allegation contained in paragraph 74.

75.     Defendant denies each and every allegation contained in paragraph 75.

76.     Defendant denies each and every allegation contained in paragraph 76.

77.     Defendant denies each and every allegation contained in paragraph 77.

78.     Defendant denies each and every allegation contained in paragraph 78.

79.     Defendant denies each and every allegation contained in paragraph 79.

80.     Defendant denies each and every allegation contained in paragraph 80.

81.     Defendant denies each and every allegation contained in paragraph 81.

## COUNT III

82.     Repeats and realleges its response to the allegations in numbered paragraphs 1 through 81 of the Complaint.

83.     Defendant denies each and every allegation contained in paragraph 83.

84.     Defendant denies each and every allegation contained in paragraph 84.

85.     Defendant denies each and every allegation contained in paragraph 85.

86.     Defendant denies each and every allegation contained in paragraph 86.

## COUNT IV

87.     Repeats and realleges its response to the allegations in numbered paragraphs 1 through 86 of the Complaint.

88. Defendant denies each and every allegation contained in paragraph 88.

89. Defendant denies each and every allegation contained in paragraph 89.

90. Defendant denies each and every allegation contained in paragraph 90.

91. Defendant denies each and every allegation contained in paragraph 91.

92. Defendant denies each and every allegation contained in paragraph 92.

## AFFIRMATIVE DEFENSES

93. Answering Defendant, as separate affirmative defenses to the Complaint on file herein and to each cause of action therein allege as follows:

### FIRST AFFIRMATIVE DEFENSE

94. The Complaint and each cause of action alleged therein fails to state a claim upon which relief can be granted. Plaintiffs' Complaint further fails to state facts sufficient to support injunctive relief or an award of attorney's fees.

### SECOND AFFIRMATIVE DEFENSE

95. The Complaint and each cause of action alleged therein is barred by the applicable statute of limitations as set forth in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/10a(e).

### THIRD AFFIRMATIVE DEFENSE

96. The Complaint and each cause of action alleged therein is barred by the equitable doctrine of Laches. Plaintiffs have waited beyond the reasonable period of three years as prescribed by the courts in this situation to file suit against Defendant without excuse. Now that Defendant has divested itself of the SOHMER trademark, completed the license agreement, ended production of SOHMER pianos, and moved on in other areas of investment, Defendant is

claiming liability for piano sales activity that started over nine years ago.

## FOURTH AFFIRMATIVE DEFENSE

97.     The Complaint and each cause of action alleged therein is barred by the doctrine of Estoppel.  Plaintiffs have waited beyond the reasonable period of time prescribed by the courts in this situation to file suit against Defendant without excuse.  Now that Defendant has divested itself of the SOHMER trademark, completed the license agreement, ended production of SOHMER pianos, and moved on in other areas of investment, Defendant is claiming liability for piano sales activity that started over nine years ago.

## FIFTH AFFIRMATIVE DEFENSE

98.     The Complaint and each cause of action alleged therein does not state facts sufficient to constitute a cause of action against Defendant in that Plaintiffs could not have attained any trademark rights in SOHMER because Plaintiffs submitted fraudulent use-in-commerce specimens to the USPTO in the course of allegedly acquiring trademark rights in SOHMER.  Trademark application number 76-210,248 alleged in the Complaint was granted by the USPTO in reliance upon the truth and validity of Plaintiffs' use-in-commerce specimen submitted under oath.  Plaintiffs' many piano companies have engaged in numerous fraudulent filings before the USPTO over a lengthy period of time, where Plaintiffs' many piano companies have submitted the same use-in-commerce specimen for several piano trademark applications.  Said specimen was used over and over.  It is a photo of the same piano with different trademark names electronically pasted onto the photograph.  None of the trademarks depicted in the specimens were actually branded or affixed to a piano, let alone to a piano being used-in-commerce.  Plaintiffs' submitted said specimens fully knowing they were false in that the true

9

fact was there was no actual branding or affixing of trademarks onto pianos. Plaintiffs made false representation with the intent to induce the USPTO to issue a trademark registration. Reasonably relying upon the truth of said representation, the USPTO granted U.S. Trademark Registration No. 3,843,417. For these reasons, said registration is null and void and of no effect.

## SIXTH AFFIRMATIVE DEFENSE

99.    The Complaint and each cause of action alleged therein is barred to the extent that Plaintiffs have committed fraud before the USPTO in procuring and maintaining its SOHMER registrations in that Plaintiffs submitted fraudulent use-in-commerce specimens to the Trademark Office in the course of prosecution. Plaintiffs' many piano companies have engaged in numerous fraudulent filings with the USPTO over a lengthy period of time, where Plaintiffs' many piano companies have submitted use-in-commerce specimens depicting trademark-branded pianos used in commerce that in actuality did not have any trademarks branded on them. Plaintiffs' many piano companies have used the same use-in-commerce specimen for various piano trademark registrations and applications. Thus, many or all of Plaintiffs' piano trademark rights are very likely invalid.

## SEVENTH AFFIRMATIVE DEFENSE

100.    The Complaint and each cause of action alleged therein is barred by the equitable doctrine of Unclean Hands. Plaintiffs acted with fraud or deceit as to the controversy in issue by obtaining a registration for SOHMER trademark by submitting a fraudulent specimen during the prosecution of such trademark registration.

## EIGHTH AFFIRMATIVE DEFENSE

101.    At all relevant times and places mentioned in the Plaintiffs' complaint herein,

Plaintiffs failed to mitigate the amount of damages, if any. Plaintiffs' piano companies habitually and methodically operate by procuring/buying "unbranded" pianos (pianos with no name on the piano's fallboard as is customary in the piano industry) from overseas in large quantity bulk shipments where the unbranded pianos are stockpiled in the U.S. and then branded with one of Plaintiffs' many piano trademarks upon a piano sale. With this method and habit of operation, any alleged lost Sohmer pianos sales could simply have been sold and branded with one of Plaintiffs' many other piano trademarks. Plaintiffs' structure, habit, and method of operation of its piano businesses demonstrates in itself that there could not have been any losses or damages to Plaintiffs resulting from any alleged infringing activity by anyone.

## COUNTERCLAIMS

102.    Burgett, Inc., by its attorneys, hereby Counterclaims against Plaintiffs, and upon third parties alleging as follows:

## PARTIES

103.    Counterdefendant, EDWARD F. RICHARDS ("Richards") is an individual residing in the State of Illinois, within the judicial district of this court, and, on information and belief is the alter ego of Plaintiff and Counterdefendant PERSIS INTERNATIONAL, INC. ("Persis") and also the alter ego of Counterdefendants WRIGHTWOOD ENTERPRISES, INC. ("Wrightwood"), EVERETT PIANO COMPANY ("Everett"), KIMBALL PIANOS USA, INC. ("Kimball"), BRIGHTON MUSIC, INC., ("Brighton"), and MUSICAL PROPERTIES, INC. ("Musical Properties").

104.    Counterdefendant PERSIS INTERNATIONAL, INC. is a Nevada corporation organized June 20, 2000. On information and belief, Richards is the sole shareholder, officer

and employee of this shell corporation and at all relevant times Richards exclusively controlled the activities of the corporation.

105.    Counterdefendant WRIGHTWOOD ENTERPRISES, INC. is a Michigan corporation organized July 14, 1995 and originally named EVERETT PIANO COMPANY.  On information and belief, Richards is the sole shareholder, officer and employee of this shell corporation and at all relevant times Richards exclusively controlled the activities of the corporation.  On information and belief, Plaintiffs have intermingled resources between Wrightwood and its other piano companies by buying pianos under WRIGHTWOOD ENTERPRISES, INC. and then re-selling the Wrightwood pianos under EDWARD F. RICHARDS, PERSIS INTERNATIONAL, INC., and other piano companies owned by Defendants.

106.    Counterdefendant KIMBALL PIANO USA, INC. is a Nevada corporation organized March 24, 2003 and originally named BRIGHTON MUSIC, INC.  On information and belief, Richards is the sole shareholder, officer and employee of this shell corporation and at all relevant times Richards exclusively controlled the activities of the corporation.

107.    Counterdefendant MUSICAL PROPERTIES, INC. is a Nevada corporation organized June 1, 2001 and its corporate status has been revoked.  On information and belief, Richards is the sole shareholder, officer and employee of this shell corporation and at all relevant times Richards exclusively controlled the activities of the corporation.

108.    Countercomplainant BURGETT, INC. ("Burgett"), is informed and believes and thereon alleges that Persis, Wrightwood, Everett, Kimball, Brighton, and Musical Properties are shell corporations that have essentially no physical assets, were never capitalized, produce no

goods, make occasional token sales, and were organized for the purpose of unlawfully hoarding trademarks by Richards.

## JURISDICTION AND VENUE

109.     This Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) in that the case arises under the Lanham Act 15 U.S.C. §§ 1051 *et seq*.

110.     This Court has jurisdiction under 15 U.S.C. §§ 1119 and 1120 in that Counterdefendant, on information and belief, has improperly attained piano trademark registrations: A.B. CHASE, SCHWANDER, SOHMER, SCHILLER, and NINGBO, by submitting the same fraudulent use-in-commerce specimen to the USPTO during trademark application prosecution.  The same fraudulent use-in-commerce specimen filed under SOHMER was filed with many of Counterdefendants' other piano trademark applications.

111.     This Court has jurisdiction under 28 U.S.C. § 2201(a) and § 2202 in that Defendant seeks Declaration from this Court that Plaintiff Richards does not own any trademark rights in the phrase "GEORGE STECK" as claimed by Plaintiff in U.S. Civil Case Action Number 10-cv-07580 and by Plaintiff in two Recorded Assignments before the USPTO dated November 24, 2010.

112.     Counterdefendants are subject to personal jurisdiction and venue of this Court as Plaintiffs have already chosen and consented to such in their main actions.

113.     The amount in controversy exceeds the sum or value of $75,000.

## RELEVANT FACTUAL BACKGROUND

114.     Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

13

115. At all times relevant to this counterclaim, Richards has engaged and continues to engage in the stockpiling or warehousing of trademark registrations for pianos and piano related products through shell corporations: Persis, Wrightwood, Everett, Kimball, Brighton, and Music Properties.

116. Burgett is informed and believes and thereon alleges that the shell corporations of Richards were insufficiently capitalized, have no employees, have no manufacturing or sales facilities, have little inventory or physical assets, have no or an insignificant market presence, make only occasional token sales, and are exclusively controlled by Richards.

117. Burgett is informed and believes and thereon alleges that the shell corporations of Richards were organized for the purpose of unlawfully banking trademarks and for obscuring the alleged ownership of such trademarks from the public and USPTO.

118. On information and belief, none of the trademarks owned by Richards through the shell corporations has had sufficient use in commerce to develop secondary meaning within the piano marketplace or the piano component marketplace.

119. According to USPTO records, Wrightwood claims to be the owner of A.B. CHASE, Reg. No. 2,836,315, registered April 27, 2004 for pianos and SCHWANDER, Supp. Reg. No. 2,943,260, registered April 19, 2005 for pianos and components.

120. According to USPTO records, Persis claims to be the owner of SOHMER, Reg. No. 3,843,417, registered September 7, 2010 for pianos.

121. According to USPTO records, Musical Properties claims to be the owner of the marks SCHILLER, Reg. No. 3,058,332, registered Feb. 7, 2006 for pianos.

122. According to USPTO records, Brighton Music claims to be the owner of

14

NINGBO, Reg. No. 3,030,602, registered Dec. 13, 2005 for pianos and components.

123. Burgett is informed and believes that none of these trademarks appear on goods being offered for sale or sold in the piano marketplace or have such occasional or token use that is insufficient to secure or maintain trademark rights is such marks.

124. Because Richards and the shell corporations do not have sufficient assets or sales capability to produce trademark use on goods in commerce, Burgett is informed and believes that Richards has engaged in a pattern of false submissions to the USPTO in order to obtain or maintain trademark registrations in the form of false statements of use-in-commerce and/or false use-in-commerce specimens.

125. A trademark Applicant or Registrant must demonstrate use-in-commerce to the USPTO with the submission of a specimen showing such use and a supporting declaration in order to obtain or maintain a registration. Burgett is informed and believes that Richards was unable to show valid use-in-commerce with its many piano trademark applications/registrations.

126. On information and belief, Richards created or had created photographs that were altered with the addition of the different trademarks onto the same photograph of the same piano that were submitted to the USPTO as authentic goods bearing the mark when no such goods existed. Said same photo of the same piano was used with use-in-commerce specimens submitted by Counterdefendants for piano trademark registrations: A.B. CHASE, SCHWANDER, SOHMER, SCHILLER, and NINGBO.

127. On information and belief, a comparison of the specimens submitted to the USPTO regarding registrations: A.B. CHASE, SCHWANDER, SOHMER, SCHILLER, and NINGBO indicate that the same digital photograph of a piano was submitted to the USPTO with

trademarks electronically inserted into the photograph rather than the trademarks being actually affixed or branded onto an actual piano.

128. Specimens regarding registrations: A.B. CHASE, SCHWANDER, SOHMER, SCHILLER, and NINGBO were submitted to the USPTO supported by a declaration from Richards that each specimen showed the trademark being used in commerce where the trademark was affixed or branded to a piano that was sold or offered for sale.

129. The act of adding a trademark name to an existing photograph of a piano and the submission of such as a use-in-commerce specimen to the USPTO must have been done knowingly and with intent to induce the issuance of the trademark registration.

130. The specimens and declarations supporting the specimens regarding registrations: A.B. CHASE, SCHWANDER, SOHMER, SCHILLER, and NINGBO were material to obtaining or maintaining the registrations.

131. The USPTO reasonably relied upon the truth of said specimens and declarations in granting trademark rights regarding: A.B. CHASE, SCHWANDER, SOHMER, SCHILLER, and NINGBO.

## COUNT I
### Trademark Cancellation / Fraud in Procurement of Trademark Rights – A.B. CHASE

132. Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

133. For the reasons set forth above, A.B. CHASE Reg. No. 2,836,315 is null and void and of no effect.

16

## COUNT II
### Trademark Cancellation / Fraud in Procurement of Trademark Rights – SCHWANDER

134.    Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

135.    For the reasons set forth above, SCHWANDER Supp. Reg. No. 2,943,260, is null and void and of no effect.

## COUNT III
### Trademark Cancellation / Fraud in Procurement of Trademark Rights – SOHMER

136.    Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

137.    For the reasons set forth above, SOHMER. Reg. No. 3,843,417, is null and void and of no effect.

## COUNT IV
### Trademark Cancellation / Fraud in Procurement of Trademark Rights – SCHILLER

138.    Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

139.    For the reasons set forth above, SCHILLER Reg. No. 3,058,332 is null and void and of no effect.

## COUNT V
### Trademark Cancellation / Fraud in Procurement of Trademark Rights – NINGBO

140.    Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

141.   For the reasons set forth above, NINGBO Reg. No. 2,836,315 is null and void and of no effect.

**COUNT VI**
**Trademark Cancellation / Fraud in Procurement of Trademark Rights – SOHMER**

142.   Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

143.   On or about February 15, 2001, Richards filed an Intent-to-Use application for the trademark SOHMER that was later amended to the Supplemental Register and effectively abandoned.

144.   In that application, Richards made the following sworn statement to the USPTO:

> The undersigned, being hereby warned that willful false statements and the like may be punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the mark sought to be registered, or, if the application is being filed under 15 U.S.C. § 1051(b), he/she believes the applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation or association has the right to use the mark in commerce, either in the identical form or in such resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

145.   At the time of this declaration, Richards knew that Burgett had ownership of the SOHMER mark and associated goodwill bestowed by order a Massachusetts Bankruptcy court from negotiations with Burgett for the rights by license or assignment.  Richards further knew form such negotiations that Burgett had superior rights to use the SOHMER mark and the he did

18

not have any rights to the mark when the declaration was signed.   Thus, this declaration was knowingly false.

146.   Richards submitted a second declaration to the USPTO for the same application, dated April 15, 2010, in order to obtain registration on the Principal Register and in response to an Office Action refusing registration.

147.   Richards made the following material representation to the USPTO in order to obtain a registration:

> Persis International, Inc. is the Applicant for the trademark SOHMER for pianos in International Class 15…The mark SOHMER has become distinctive for pianos through Applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement.

148.   This second declaration was submitted to the USPTO in order to obtain registration on the Principal Register.   Richards knew that the mark had not acquired distinctiveness because the use by Persis because his sales were neither continuous nor substantially exclusive.  Richards was aware at the time of the declaration that Burgett's licensee had been selling hundreds of Sohmer pianos per year while Richards was selling a mere handful of Sohmer pianos per year.   Thus, Richards' Sohmer sales were knowingly not substantially exclusive.  The declaration was, in fact, false and was material to registration.

149.   Richards knew that he had sold only a couple of pianos over the five years in question, in a very limited geographic, and that the market did not associate Persis as a source of SOHMER pianos.

150.   Richards also knew at the time the second declaration was signed that the marketplace associated the SOHMER mark with Burgett and its licensee due to the judicially

determined goodwill and rights acquired by Burgett, the public notoriety of Burgett as owner of the SOHMER mark, Burgett's own use, substantial advertising and sales since 2002 to the present by Burgett's licensee and its distributors throughout the United States, and, of course, the sale of thousands of SOHMER pianos by Burgett's licensee.  Over ninety-eight percent of all pianos bearing the SOHMER mark that have been advertised and sold in the United States since 2001 have been associated with the Burgett.  Therefore, Richards knew that the SOHMER mark had not acquired distinctiveness and that its token use was neither substantially exclusive nor continuous.

151.    Burgett is informed and believes that Richards and Persis would not have obtained a registration absent the material misrepresentations made to the Examining Attorney and to the USPTO.  This fraudulently obtained registration is null and void and of no effect.

### COUNT VII
### Trademark Infringement

152.    Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

153.    Defendant acquired all trademark rights in the phrase "SOHMER" for pianos in April 1996 as a result of a bankruptcy court order regarding the bankruptcy sale of Mason & Hamlin Corporation, the former owner of all trademark rights in the phrase "SOHMER".  These rights included ownership of: U.S. Reg. No. 119,130 for the mark SOHMER & CO., in stylized script, for pianos; U.S. Reg. No. 137,464 for the mark SOHMER and Design, for pianos; and U.S. Reg. No. 1,786,687 for the mark SOHMER, for musical instruments, namely, pianos.

154.    In 1996, Defendant attempted to subcontract the manufacture of SOHMER pianos to a manufacturer that would build a high-quality piano that the Defendant felt was worthy of the

SOHMER name. However, Defendant was unable to obtain the initial cash investment or the financing to build and carry the new SOHMER inventory while also maintaining the required marketing efforts for the new pianos, so the project was not completed.

155. Since that time, defendant maintained use-in-commerce of all trademark rights in the phrase "SOHMER" mainly by efforts to exclusively license all trademark rights in SOHMER pianos to a "certain" piano manufacturer/marketer that would respect the SOHMER good name by building and offering high-quality pianos. This, also, required a large initial cash investment or financing. There were a very limited amount of piano sellers that had the funding and desire to undertake such a project. The launch of a new high-quality piano product requires a large initial investment. Defendant methodically shopped for such an exclusive licensee with reasonable diligence.

156. Defendant, in fact, contracted or conducted pre-contract negotiations for such an exclusive SOHMER license with Richards at the end of 2000.

157. Defendant sold one SOHMER piano in March 2001.

158. On November 26, 2001, Defendant executed an exclusive license agreement with a large piano manufacturing company, whereupon the exclusive licensee of this agreement immediately began to advertise with the SOHMER trademark on a national basis.

159. Defendant's exclusive licensee of SOHMER initially released and sold "several hundred" SOHMER pianos in January 2002 where these sales took place over a large national basis.

160. During the course of licensing efforts, Defendant and its attorneys mistakenly allowed all three of their SOHMER registrations to expire for lack of payment of fees and other

maintenance papers.

161.    Plaintiff discovered this fact before Defendant did so; at which point Richards filed his own application for trademark registration of SOHMER (U.S. Ser. No. 76/210,248), filed February 15, 2001.

162.    Defendant discovered that all three SOHMER registrations expired in or about February 2001.

163.    At that time Defendant could have filed a surcharge fee for six-month grace period in order to renew one of the expired SOHMER registrations, U.S. Reg. No. 137,464 for the mark SOHMER and Design, for pianos.  Instead, Defendant elected to file a new application for SOHMER registration (U.S. Ser No. 76/214,968) on February 23, 2001.

164.    Defendant did not intend to abandon its SOHMER trademark rights.

165.    Defendant did not perform any acts of abandonment of its SOHMER trademark rights.

166.    Defendant's SOHMER application (U.S. Ser No. 76/214,968) won a priority contest over Plaintiffs' application (U.S. Ser. No. 76/210,248) before the USPTO application process where Defendant was named the priority owner of SOHMER trademark rights.

167.    Plaintiff has infringed Defendant's SOHMER trademark in interstate commerce by various acts, including displaying Sohmer pianos for sale at various piano tradeshows and selling a very limited number of pianos.  These acts by Plaintiffs were without permission or authority of Defendant and said use by Plaintiffs is likely to cause confusion, to cause mistake and to deceive.

168.    Defendant's heretofore-alleged acts of trademark infringement and unfair

competition have been committed with the intent to cause confusion, mistake and to deceive.

169.     Since on or about July 2002, Defendant has given notice that its SOHMER trademarks are protected by law and Defendant requested Plaintiff cease and desist from its acts of trademark infringement and has given Plaintiff actual notice of Defendant's rights, but Plaintiff has refused to cease such acts.

### COUNT VIII
### Unfair Competition by Infringement of Common-Law Rights

170.     Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

171.     Said acts of defendant constitute unfair competition and an infringement of Defendant's common-law rights in said trademark SOHMER.

### COUNT IX
### Declaratory Relief – No Transfer of GEORGE STECK Trademark Rights

172.     Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

173.     Plaintiffs are claiming that a private document from the files of Burgett Inc. is a valid transfer of trademark rights, where said Burgett Inc. produced said private document for discovery in this case.

174.     In reality, said private document is an exhibit to draft agreement that was never executed or performed, where said exhibit to draft agreement captured no intent to transfer from Defendant, was not delivered to Plaintiff, and Plaintiff did not perform the condition precedent of payment for the trademark rights in order for any transfer to take effect or have any meaning. *See* Exhibit 1 for a copy of the document that allegedly evinces a valid transfer of property.

23

175.    The document in question is merely preparatory in nature.  It is a draft assignment agreement that was never executed or performed.  This document was made in preparation for a "second try" at a successful license/assignment of all GEORGE STECK piano trademark rights to Plaintiffs from Burgett Inc.  Gary Burgett signed the document in preparation for a meeting between Burgett Inc. and Plaintiffs, where Plaintiffs were to complete cash payments for the assignment and Burgett Inc., in return, was to assign trademark rights to Plaintiffs.  Gary Burgett signed this document because he was not going to be present at the meeting where another Burgett Inc. representative was going to be at the meeting to complete the transaction.   Of course, the meeting never took place and the second try at license/assignment was not successful.

176.    Plaintiffs are attempting, with full knowledge thereof, to use this preparatory document as the basis for a clearly unjust and inaccurate claim of property transfer.

177.    This attempt helps demonstrates how Richards and his many piano companies have a habit and method of operation of abusing and exploiting trademark laws at the expense of others.

178.    An actual controversy has arisen because Defendant has been sued in this matter (U.S. Civil Case Action Number 10-cv-07580).

179.    A declaratory judgment is necessary in that Richards contends and Defendant denies that any transfer of GEORGE STECK trademark rights.

180.    A declaratory judgment is necessary in that Richards contends and Defendant denies any liability to Richards regarding GEORGE STECK trademark rights .

### COUNT X
### Declaratory Relief – No Assignment of GEORGE STECK Trademark Rights

181.    Counterclaimant realleges and incorporates in this Count the preceding

24

allegations of this Counterclaim as if fully set forth herein.

182.     Defendant is under contract with an exclusive licensee of GEORGE STECK trademark rights.  Under this contract, Defendant owes a duty to provide valid, unhindered, and exclusive trademark rights to the exclusive license.

183.     Richards has recorded a false assignment of GEORGE STECK trademark rights from Defendant to Richards with the USPTO.

184.     Richards has filed suit in Federal Court against the exclusive licensee claiming trademark infringement regarding GEORGE STECK trademark rights (U.S. Civil Case Action Number 10-cv-07580).

185.     As a result of Richards' false assignment and lawsuit, Defendant is likely in breach of its exclusive licensee agreement of GEORGE STECK trademark rights.

186.     A declaratory judgment is necessary in that Richards contends and Defendant denies any transfer of GEORGE STECK trademark rights.

**COUNT XI**
**Declaratory Relief – Defendant's SOHMER claim has priority over Plaintiffs'**

187.     Counterclaimant realleges and incorporates in this Count the preceding allegations of this Counterclaim as if fully set forth herein.

188.     Plaintiffs, in this case, contend that Defendant abandoned all trademark rights in SOHMER.

189.     Plaintiffs further contend that, after this abandonment, they were first to re-obtain all trademark rights in SOHMER.

190.     Defendant claims that it never abandoned its trademark rights in SOHMER and that Plaintiffs are the true infringer of SOHMER trademark rights.

191.    A declaratory judgment is necessary in that Richards contends and Defendant denies its claim of priority over SOHMER trademark rights has priority over Defendant's.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that this Court grant it the following relief:

A.    That Plaintiffs take nothing by reason of its complaint, that judgment be rendered in favor of Defendant.

B.    A decree from this Court ordering the cancellation of A.B. CHASE, Reg. No. 2,836,315, registered April 27, 2004 for pianos.

C.    A decree from this Court ordering the cancellation of SCHWANDER, Supp. Reg. No. 2,943,260, registered April 19, 2005 for pianos and components.

D.    A decree from this Court ordering the cancellation of SOHMER, Reg. No. 3,843,417, registered September 7, 2010 for pianos.

E.    A decree from this Court ordering the cancellation of SCHILLER, Reg. No. 3,058,332, registered Feb. 7, 2006 for pianos.

F.    A decree from this Court ordering the cancellation of NINGBO, Reg. No. 3,030,602, registered Dec. 13, 2005 for pianos and components.

G.    A finding by this Court that Defendant did not intend to abandon any of its rights in the SOHMER trademark.

H.    A finding by this Court that Defendant did not perform any acts of abandonment regarding its rights in the SOHMER trademark.

I.    A finding by this Court that Defendant's rights in the SOHMER trademark hold priority over Plaintiffs'.

26

J.      A finding that the acts of Plaintiffs constitute trademark infringement and unfair competition.

K.      An award to Defendant of monetary damages in an amount to be fixed by the Court in its discretion as just, including all of Defendant's actual damages and Plaintiffs' profits or gains of any kind resulting from the actions complained of herein, said amount to be trebled, pursuant to 15 U.S.C. § 1117(a) and (b).

L.      A finding that this is an exceptional case under 15 U.S.C. §1117(a), together with an award to Defendant of its attorneys fees and its costs and expenses of litigation, pursuant to 15 U.S.C. §1117(a) and (b) and the common law.

M.      That the Court declare the respective rights and duties of Plaintiffs and Defendant regarding ownership of GEORGE STECK piano trademark rights.

N.      A decree from this Court ordering the removal of Recorded Assignment of GEORGE STECK trademark rights from Defendant to Plaintiffs recorded November 24, 2010 before the USPTO.

O.      An award of punitive damages resulting from Plaintiffs' conscious and deliberate disregard of Defendant's rights in an amount sufficient to punish Plaintiffs and deter such conduct in the future.

P.      Such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

Defendant respectfully demands a trial by jury for all of the counts of this Counterclaim.

Respectfully submitted,

/s Craig A. Simmermon
Craig A. Simmermon (Pro hac vice,
Cal. State No. 258607)
251 Lyman Circle
Sacramento, CA  95835
(916) 548-6998
Attorney for Defendant

December 27, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing Defendant's ANSWER AND COUNTERCLAIMS with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


Dated:  December 27, 2010                    /s Craig A. Simmermon