UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERSIS INTERNATIONAL, INC., and EDWARD F. RICHARDS,<br><br>Plaintiffs,<br><br>v.<br><br>BURGETT, INC.,<br><br>Defendant<br><br>―――――――――――――<br><br>BURGETT, INC.,<br><br>Third-party Plaintiff,<br><br>v.<br><br>SAMICK MUSIC CORPORATION, K. H. CHU, and ROBERT JONES.<br><br>Third-party Defendants. | Case Number: 09-cv-07451<br><br>Judge: Ronald A. Guzman<br><br>Magistrate Judge:<br>   Michael T. Mason |

**THIRD-PARTY COMPLAINT UNDER FRCP 14(a)**

BURGETT, INC., ("Burgett") through its undersigned counsel, hereby complains against Third-party Defendants SAMICK MUSIC CORPORATION, K. H. JONES, AND ROBERT JONES, as follows:

1

## PARTIES

1. SAMICK MUSIC CORPORATION ("Samick") is a California corporation with its principal place of business in Gallatin, Tennessee.

2. K. H. CHU is an individual residing in California.

3. ROBERT JONES is an individual residing in Tennessee.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Third-party Complaint because the main action arises under 15 U.S.C. § 1051 et seq. with subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1131, 1332, 1338, and 1367.

5. This Court has personal jurisdiction over Samick by virtue of general personal jurisdiction arising from the large corporation's musical instrument or other product sales, solicitations, and general engaging in business in the state of Illinois where said activity has had longevity, continuity, and volume as to be substantial or continuous and systematic.

6. The amount in controversy exceeds the value of $75,000.

## RELEVANT FACTUAL BACKGROUND

7. On November 26, 2001, BURGETT, INC. executed a Trademark License and Assignment Agreement (Exhibit 1) with ALLIANCE MUSIC GROUP, INC., K.H. CHU, and ROBERT JONES, whereby BURGETT, INC. granted an exclusive license of its SOHMER trademark rights to ALLIANCE MUSIC GROUP, INC., K.H. CHU, and ROBERT JONES in return for valuable consideration.

8. ALLIANCE MUSIC GROUP, INC. executed the Trademark License and Assignment Agreement as a California corporation.

9. K.H. CHU and ROBERT JONES both executed the Trademark License and Assignment Agreement as individuals.

10. Trademark License and Assignment Agreement included the following indemnification clause:

> 16. <u>Indemnification</u>. Licensee [Alliance Music Group, Inc.], Chu and Jones shall indemnify, defend and hold Licensor [Burgett, Inc.] harmless from and against any and all claims, damages and costs, including, without limitation, attorney fees, which arise from any use of, or otherwise relate or pertain to, the Licensed Marks following the Effective Date.

11. Licensed Marks under this agreement included the SOHMER registration "and all goodwill related thereto".

12. A contractual duty to indemnify BURGETT, INC. regarding damages from the SOHMER trademark arose on behalf of ALLIANCE MUSIC GROUP, INC., K.H. CHU, and ROBERT JONES as a result of this clause.

13. On October 29, 2002, ALLIANCE MUSIC GROUP and SAMICK MUSIC CORPORATION sent a cease and desist letter (Exhibit 2) to Edward F. Richards, wherein ALLIANCE MUSIC GROUP or SAMICK MUSIC CORPORATION or both claim valid ownership of exclusive license of the SOHMER trademark, as granted by Burgett, where ALLIANCE MUSIC GROUP and SAMICK MUSIC CORPORATION defend such claim with the cease and desist letter.

14. On March 24, 2003, ALLIANCE MUSIC GROUP assigned to SAMICK MUSIC CORPORATION, as its "successor", all license rights and interests in and to the SOHMER trademark. See Confidential Trademark License Assignment (Nunc Pro Tunc) at Exhibit 3.

15. Confidential Trademark License Assignment (Nunc Pro Tunc) references and defines the assigned SOHMER trademark rights as: rights to a U.S. SOHMER trademark application (U.S. Ser. No. 76/214,968) and those rights "memorialized in a certain written license agreement dated November 26, 2001".

16. As a result of Confidential Trademark License Assignment (Nunc Pro Tunc), SAMICK MUSIC CORPORATION steps into the shoes of ALLIANCE MUSIC GROUP, acquiring all rights, priorities, and burdens of ALLIANCE MUSIC GROUP regarding the exclusive SOHMER trademark right assignment.

17. As a result of Confidential Trademark License Assignment (Nunc Pro Tunc), SAMICK MUSIC CORPORATION has a contractual duty to indemnify BURGETT, INC. according to the indemnification clause listed in paragraph 10 of this pleading.

18. Trademark License and Assignment Agreement and Confidential Trademark License Assignment (Nunc Pro Tunc) remained valid and in effect from November 26, 2001 (execution date) until March 11, 2009, whereupon such time, BURGETT, INC. assigned all its rights in the SOHMER trademark to SAMICK MUSIC CORPORATION. See Trademark Assignment at Exhibit 4.

19. With the exception of one piano sale, all alleged infringing sales claimed by Plaintiffs in this case were conducted by Samick as the exclusive licensee under Trademark License and Assignment Agreement (Exhibit 1).

20. Plaintiffs are claiming that Burgett is liable as a joint tortfeasor with Samick for all SOHMER piano sales conducted by Samick, in that Plaintiffs are claiming, in part, as damages: all of Samick's profits from all SOHMER pianos sold by Samick within the dates of

4

November 26, 2001 and March 11, 2009.

21. Samick agreed to defend and hold Burgett harmless from any and all claims, damages, and costs arising from Samick's use of the SOHMER trademark occurring on dates: November 26, 2001 through March 11, 2009.

22. Granting the addition of Third-party Defendants under Fed. R. Civ. P. 14(a) in this case would promote judicial efficiency by eliminating the need for Burgett to bring separate actions against the Third-party Defendants.

23. All Third-party Defendants' liability arises directly on account of Plaintiffs' infringement claims in this case.

24. All Third-party Defendants' liability is secondarily or derivatively dependent on the outcome of this case.

25. In fact, all Third-party Defendants liability is <u>solely</u> dependent on the outcome of this case because Plaintiffs have already settled with Samick regarding the issue of alleged SOHMER trademark infringement, where Plaintiffs have released Samick from all liability regarding alleged SOHMER trademark infringement within the same time period in question, further noting that only two parties (Samick and Burgett) are alleged to have conducted all of the alleged infringing sales referenced in the complaint. Thus, now that Samick has settled with Plaintiffs, there is one and only one party left (Burgett) to potentially hold liability for all of the infringement alleged by Plaintiffs in the complaint.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that this Court grant it the following relief:

A. The Court grant the addition of SAMICK MUSIC CORPORATION, K.H. CHU,

and ROBERT JONES as a Third-party Defendants under Fed. R. Civ. P 14(a) in this case.

  B. Such other and further relief as the Court may deem just, proper and equitable under the circumstances.

            Respectfully submitted,

            <u>/s Craig A. Simmermon</u>
            Craig A. Simmermon (Pro hac vice,
            Cal. State No. 258607)
            251 Lyman Circle
            Sacramento, CA 95835
            (916) 548-6998
            Attorney for Defendant

January 11, 2011

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date set forth below, I electronically filed the foregoing Defendant's <u>THIRD-PARTY COMPLAINT UNDER FRCP 14(a)</u> with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


Dated:  January 10, 2011               <u>/s Craig A. Simmermon</u>