**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PERSIS INTERNATIONAL, INC., and EDWARD F. RICHARDS, | Judge Ronald A. Guzman |
| Plaintiffs, | Magistrate Judge Michael T. Mason |
| v. | Civil Action No. 1:09-cv-07451 |
| BURGETT, INC., | |
| Defendant. | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS EDWARD F. RICHARDS' AND PERSIS INTERNATIONAL, INC.'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

Plaintiffs Edward F. Richards and Persis International, Inc. (collectively, "Persis"), hereby submit this Reply Memorandum in support of their Motion to Strike Burgett, Inc.'s ("Burgett") First, Second, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses ("Burgett's Affirmative Defenses"), Docket No. 111-112.

**I.  INTRODUCTION**

On February 14, 2011, Burgett filed its Response to Persis' Motion to Strike Burgett's Affirmative Defenses ("Burgett's Response").  Docket No. 122.  For the reasons that follow, Burgett's Response failed to raise any new issues of fact or law, and Persis requests that the Affirmative Defenses be stricken.

1

## II. ARGUMENT

### A. SIX OF BURGETT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.

#### i. *First Affirmative Defense*

Burgett raises no defense of its "plainly worded" affirmative defense. See Burgett's Response at 7. Instead, Burgett states that third-party defendant Samick Music Corporation ("Samick") would be afforded the opportunity to amend Burgett's pleading if and when it were joined to the case. Persis understands that Samick has in fact been served and is obligated to file its Answer to Burgett's Third-Party Complaint by March 14, 2011. See Docket No. 120. Samick's obligations with regard to the third-party complaint have nothing to do with Burgett's affirmative defenses to Persis' claims.

Again, this defense is clearly barred by the law of the case doctrine. Voeks v. Wal-Mart Stores, Inc., 07-C-0030, 2008 WL 89434 (E.D. Wis. Jan. 7, 2008) (granting motion to strike failure to state a claim affirmative defense where the court had already denied defendant's Rule 12(b)(6) motion) (see Exhibit A to Persis' Memorandum for a copy of this unreported case, Docket No. 112-1).

Accordingly, Burgett's first affirmative defense must be stricken with prejudice.

#### ii. *Second Affirmative Defense*

In its Response, Burgett states that its affirmative defense based on the Illinois Consumer Fraud and Deceptive Business Practices Act is properly pled. To the contrary, the pleading itself does not describe the applicable statute of limitations, nor does it state how Burgett's liability for continuing acts of infringement until 2009 are barred under such statute.

This affirmative defense should be stricken.

### *iii. Fourth Affirmative Defense*

In its Response, Burgett describes the traditional elements of an estoppel defense, but fails to state how it properly pled those elements in its affirmative defense. In fact, the only allegation in Burgett's defense is that Persis allegedly waited more than nine years to file suit against Burgett. While Persis disputes the veracity of this defense, it appears that this allegation is related to laches, the subject of Burgett's third affirmative defense. Accordingly, this defense should be stricken.

### *iv. Fifth, Sixth, and Seventh Affirmative Defenses*

Persis agrees that Burgett's fifth, sixth, and seventh affirmative defenses relate to certain specimens submitted by Persis and third-party registrants in support of various trademark applications and registrations for piano trademarks. Burgett admits that the specimens of use submitted in support of Persis's registered mark were not improper. Burgett's Response at 5. In addition, however, Burgett asserts a bald statement, unsupported in trademark law, that an abandoned application for a SOHMER trademark should be considered a component or subset of Persis' total trademark rights in the SOHMER mark. Regardless, as Persis expressly abandoned the application at issue, Serial No. 77/754,862, any filings with that application are wholly irrelevant here. Johnny Blastoff, Inc. v. Los Angeles Rams Football Co., 188 F.3d 427, 433 (7th Cir. 1999) ("A party may acquire a protectable right in a trademark only through use of the mark in connection with its product.").

Moreover, even assuming the relevancy of this point, to the extent that such specimens were filed in connection with an abandoned SOHMER application and filed in support of third-party trademarks A.B. CHASE, SCHWANDER, SCHILLER, and NINGBO, Persis argues that the use of such specimens is not improper and certainly is not fraudulent. See, e.g., This Little

3

Piggy Wears Cotton v. Piggy Toes, 2004 WL 1701272, Opp. No. 91159506 (T.T.A.B. July 13, 2004) (granting motion to dismiss fraud claim based on allegedly deficient specimen):

> Because the specimen was submitted to and accepted by the assigned Trademark Examining Attorney, the question whether the specimen showed use of the applied-for mark for the goods listed in the involved application was a matter to be determined by the Examining Attorney, and it would have been plainly evident whether the specimen supported an application to register the mark for the listed goods. Likewise, opposer does not allege that applicant actually affixed its mark to a product not manufactured by it or on its behalf, so as to fabricate a specimen. Therefore, this is not a case in which the applicant withheld information or material from the Examining Attorney which would have been necessary for the Examining Attorney to determine whether the specimen was sufficient; nor is it a case in which applicant is alleged to have outfoxed the Examining Attorney by fabricating a specimen. In short, any deficiency in the specimen would have been readily apparent to the Examining Attorney and could not have led to unwarranted approval of the mark for publication.

Id. (A copy of this unreported case is attached as **Exhibit A**.) Moreover, Burgett's pleading falls far short of fraud pleading "clear and convincing evidence" standards. See Fed. R. Civ. P. 9(b); In re Bose Corp., 580 F.3d 1240, 1243 (Fed. Cir. 2009). Burgett has utterly failed to provide clear and convincing evidence that Persis committed fraud in the procurement of its SOHMER registration.

      These defenses fall short of exacting fraud pleading standards and should be stricken.

4

### III. CONCLUSION

For the foregoing reasons, Plaintiffs Edward F. Richards and Persis International, Inc. respectfully request that the Court:

(a) strike Burgett's First, Second, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses against Persis;

(b) award Persis its attorneys' fees and costs in striking the Affirmative Defenses; and

(c) award Persis such other and further relief as the Court deems appropriate.

Dated: February 28, 2011

Respectfully submitted,

*s/ Jeremy M. Roe*

Richard B. Biagi, Esq.
Kevin J. McDevitt, Esq.
Lisa A. Iverson, Esq.
Jeremy M. Roe, Esq.
Daniel J. Schaeffer, Esq.
NEAL & MCDEVITT, LLC
1776 Ash Street
Northfield, IL 60093
(847) 441.9100 (Telephone)
(847) 441.0911 (Facsimile)

*Counsel for Persis International, Inc. and Edward F. Richards*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS EDWARD F. RICHARDS' AND PERSIS INTERNATIONAL, INC.'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES** was served on the following counsel of record via CM/ECF on February 28, 2011.

Craig A. Simmermon, Esq.
251 Lyman Circle
Sacramento, CA 95835

William P. Foley, Esq.
Karl W. Roth, Esq.
35 E. Wacker Dr., 9th Floor
Chicago, IL 60601

*s/ Jeremy M. Roe*