IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERSIS INTERNATIONAL, INC. and EDWARD F. RICHARDS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| BURGETT, INC., | ) ) ) |
| Defendant. | ) ) |
| _____ | ) ) |
| BURGETT, INC., | ) ) |
| Counterclaimant, | ) ) ) |
| v. | ) ) |
| EDWARD F. RICHARDS, and PERSIS INTERNATIONAL, INC., | ) ) ) |
| Counterdefendants. | ) ) |

09 C 7451

Judge Ronald A. Guzmán

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Persis International, Inc., ("Persis") and its President and sole shareholder Edward Richards sued Burgett, Inc. ("Burgett") for trademark infringement, unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and Illinois common law and violation of Illinois Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq*. Burgett, in turn, brought six counterclaims against Edward F. Richards and Persis. Before the Court is counterdefendants' motion to dismiss the counterclaims. For the reasons provided herein, the Court grants in part and denies in part the motion.

## Facts

For a complete recitation of the facts in this case, *Persis Int'l, Inc. v. Burgett, Inc.*, No. 09 C 7451, 2011 WL 4361544, at *1-2 (N.D. Ill. Sept. 19, 2011).

## Discussion

Counterdefendants move to dismiss Counterclaims I, IV, V and VI for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court grants counterdefendants' motion to dismiss Counterclaim 1, which is entitled "Trademark Cancellation/Fraud in Procurement of Trademark Rights - SOHMER," for the same reasons it granted plaintiffs' motion to strike Burgett's Affirmative Defenses V, VI and VII. *See Persis Int'l, Inc.*, 2011 WL 4361544, at *3. Fraud in the procurement of a trademark registration "occurs when an applicant knowingly makes false, material representations of fact in connection with its application." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (quotation omitted). The Court takes judicial notice of the fact that Burgett has admitted Persis did not submit a fraudulent document with its U.S. Trademark Application for the mark SOHMER for pianos ("248 Application"), the trademark at issue in the instant case. (Def.'s Resp. Mot. Strike Affirmative Defenses 5.) Accordingly, the Court dismisses Counterclaim 1.

Burgett's Counterclaims IV and V seek a declaratory judgment that (1) there was no assignment of the GEORGE STECK trademark and (2) the USPTO recording of assignment of the GEORGE STECK trademark must be removed. The GEORGE STECK trademark is not part of this litigation and is the subject of a separate judicial proceeding before another court, *see Richards v. Burgett*, No. 10 C 7580. Because Counterclaims IV and V are redundant of the ones filed by Burgett in that separate proceeding, the Court dismisses these counterclaims without prejudice.

Burgett's Counterclaim VI seeks a declaratory judgment that Burgett's right to the SOHMER trademark has priority over plaintiffs' right. Courts routinely dismiss counterclaims for declaratory relief that "bring[] into question issues that already have been presented in plaintiff's complaint and defendants answer to the original claim" because they are "redundant and a decision on the merits of plaintiff's claim will render the request for declaratory judgment moot." *AHP Subsidiary Holding Corp., Inc. v. Stuart Hale Co.,* No. 89 C 8566, 1993 WL 498331, at *3 (N.D. Ill. Dec. 1, 1993); *see Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, 05 C 6656, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006); *Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-00058, 2006 WL 1660591, at *4 (N.D. Ind. Jun. 9, 2006); *United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005); *GNB, Inc. v. Gould, Inc.*, No. 90 C 2413, 1990 WL 207429, at *5 (N.D. Ill. Nov. 30, 1990); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 853 (N.D. Ill. 1990); *Green Bay Packaging*, *Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973); *see also Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1370 (7th Cir. 1985) (citing *Green Bay Packaging* with approval). The Second Amended Complaint seeks a finding that Burgett infringed the SOHMER trademark because plaintiffs' right to that trademark had priority over Burgett's right, and Burgett, of course, denies that such

a finding is appropriate. (2nd Am. Compl. ¶ 92(A).) Because Counterclaim VI merely raises issues that have already been presented in the Second Amended Complaint and Burgett's Answer thereto, the Court grants counterdefendants' motion to dismiss Counterclaim VI.

Counterdefendants also move to dismiss Counterclaims II (Trademark Infringement) and III (Common Law Unfair Competition) for lack of jurisdiction pursuant to Rule 12(b)(6). However, the Court addresses the motion under Rule 12(b)(1), which applies to motions to dismiss for lack of jurisdiction.

Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). Facial challenges require the court to look at the complaint to see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *Id.* at 444 (citation omitted). In a facial challenge, the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion. *Id.* Factual challenges, however, attack the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and the court may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003); *see Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). Once such evidence is proffered, "[t]he presumption of correctness that we accord to a complaint's allegations falls away," *Commodity Trend Service, Inc. v. Commodity Futures Trading Commission*, 149 F.3d 679, 685 (7th Cir. 1998), and the plaintiff bears the burden of coming forward with competent proof that standing exists, *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003); *Retired Chicago Police Association v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996).

Counterdefendants argue that Burgett lacks standing to assert the trademark infringement and common law unfair competition counterclaims because Burgett no longer owns the trademark at issue and assigned the trademark to Samick. However, counterdefendants have not provided any affidavit, declaration or evidentiary support for their motion to dismiss this counterclaim to raise a "factual" challenge to attack Burgett's standing. Therefore, this is a "facial" challenge, and as such the Court will not look beyond the complaint.

Under the Lanham Act, applicants and registrants have standing to enforce their trademarks. *Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC,* ___ F. Supp. 2d ___, 10 C 7555, 2011 WL 1838872, at *4 (N.D. Ill. May 11, 2011). The Lanham Act provides that "[t]he terms 'applicant' and 'registrant' embrace the legal representatives, predecessors, successors and assigns of such applicant or registrant." 15 U.S.C. § 1127. A predecessor's assignment of a trademark carries no right to sue for past infringement, unless the assignment explicitly states that it includes such a right. *George W. Luft Co. v. Zande Cosmetic Co.*, 142 F.2d 536, 541 (2d Cir. 1944) (explaining that an assignment does not convey existing claims for trademark or patent infringement, but a transfer of all of a corporation's assets would include existing causes of action for both); *see H&J Foods, Inc. v. Reeder*, 477 F.2d 1053, 1056 (9th Cir. 1973) (holding that pre-assignment damages are disfavored, and only allowed when the right to sue is clearly spelled out in the assignment); *Bulte v. Igleheart Bros.*, 137 F. 492, 493 (7th Cir. 1905) (noting that the plaintiff had received all interest in the trademark at issue, including the rights of action for past infringement); *Lanard Toys, Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1030 (C.D. Cal. 2007) (holding that the plaintiff had standing to sue for trademark infringement where the assignment included "the right to sue on existing causes of action"); *Fair Undercar Care, Inc. v. Wakefield*, No. 91 C 7021, 1992 WL 162970, at *2 (N.D. Ill. July 7, 1992)

(involving a trademark assignment that included "the right to sue for past infringement"). *Cf. Belden Wire & Cable v. Cable Design*, No. 99 C 752, 2001 WL 34657402, at *1 (N.D. Ill. Mar. 29, 2001) (explaining the same rule in the context of patents).

Here, in support of its trademark infringement and unfair competition counterclaims, Burgett alleges it owned the SOHMER trademark during the years relevant to these counterclaims. (Counter Compl. ¶¶ 139-57.) Further, Burgett does not allege there was an assignment of the SOHMER trademark and thus the allegations survive a facial attack. Even if the Court were to acknowledge that an assignment occurred, which it does not, Burgett's allegations that it was owner during the relevant time period, coupled with the Lanham Act's provision that a predecessor has standing to bring trademark infringement actions and the presumption that any assignment did not transfer Burgett's right to sue for past infringement, is sufficient to survive the motion to dismiss.

Next, counterdefendants argue that Burgett's unfair competition counterclaim fails to state a claim. "[I]n Illinois, the common law tort of unfair competition encompasses a broad spectrum of law and it is difficult to determine exactly what elements are required in order to prove such a claim." *LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2010 WL 3521785, at *1 (N.D. Ill. Sept. 1, 2010); *BlueStar Mgmt. v. The Annex Club*, LLC, No. 09 C 4540, 2010 WL 2802213, at *9 (N.D. Ill. July 12, 2010) ("Stating a claim for unfair competition under Illinois common law is not a simple task because the Illinois courts have not specifically enumerated the requisite elements."); *see Wilson v. Electro Marine Sys., Inc.*, 915 F.2d 1110, 1118 (7th Cir. 1990) ("[T]he law of unfair competition . . . is elusive; its elements escape definition.").

Under Illinois law, "[u]nfair competition is a broader concept than trademark

infringement and depends upon likelihood of confusion as to the source of plaintiff's goods when the whole product, rather than just the service mark, is considered." *Thompson v. Spring-Green Lawn Care Corp.*, 466 N.E.2d 1004, 1015 (Ill. App. Ct. 1984). However, "[t]he same set of facts and circumstances may be used to support a claim for both trademark infringement and unfair competition, and a finding in favor of the former claim typically results in a finding for the latter." *Id.*

Here, Burgett relies on the same set of facts and circumstances to support both its trademark infringement and unfair competition claims. Counterclaim III alleges that Burgett owned the rights to the SOHMER trademark during the time period relevant to its unfair competition counterclaim. (Burgett's Am. Answer & Countercls. ¶¶ 151-54.) It also alleges that defendants used the SOHMER trademark during that time period to market pianos. (*Id.* ¶ 155.) These allegations are sufficient to allege that the SOHMER trademark is protectable and that a likelihood of confusion regarding the source of the product occurred due to counterdefendants' use of the SOHMER mark. Accordingly, the Court holds that Burgett has stated an unfair competition claim.

**Conclusion**

For the foregoing reasons the Court grants in part and denies in part counterdefendants' motion to dismiss Burgett's counterclaims [doc. no. 108]. The Court: (1) grants the motion as to Counterclaims I, IV, VI and VI, and these counterclaims are dismissed without prejudice; and (2) denies the motion as to Counterclaims II and III.

**SO ORDERED**  ENTERED: September 26, 2011

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**